IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMARIO SHAWN BARNES, #275286, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 2:14-CV-28-TMH |
| ) | [WO] |
| ) | |
| SIMONE PARKER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Demario Shawn Barnes ["Barnes"], an indigent inmate currently incarcerated at the Bullock Correctional Facility ["Bullock"]. In the amended complaint, Barnes alleges that his classification specialist, Simone Parker, deprived him of due process and equal protection because she did not allow an appeal from the decision of the Associate Commissioner to deny him restoration of good time credit. *Amended Complaint - Doc. No. 5* at 1.[1] It is undisputed that the loss of good time occurred due to several disciplinary actions taken against Barnes in 2013. Barnes seeks the ability to appeal the decision issued

---

[1] Barnes filed the amended complaint in response to the court's determination that the claims presented in the original complaint, claims which challenged the loss of good time credits and sought restoration of such credits, provided no basis for relief under 42 U.S.C. § 1983 as habeas corpus is the sole remedy for such claims. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). So as to avoid the bar established by *Heck* and its progeny, Barnes specifically states that he "does not challenge loss of good time" but only the lack of an appeal regarding the adverse decision denying the restoration of good time. *Amended Compliant - Doc. No. 5* at 1.

by Associate Commissioner James DeLoach denying the restoration of good time.

The defendant filed an answer, special report and supporting evidentiary materials addressing Barnes' claims for relief. The court thereafter informed Barnes that the defendant's special report may, at any time, be treated as a motion for summary judgment and provided a detailed explanation to Barnes regarding the proper manner in which to respond to a motion for summary judgment. *Order of March 6, 2014 - Doc. No. 12*. Despite his opportunity to do so, Barnes filed no response to the defendant's report.

Pursuant to the aforementioned order, the court deems it appropriate to treat the defendant's report as a motion for summary judgment. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendant has met her evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendant's properly supported motion for summary judgment, Barnes is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for

4

summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children and Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are

5

material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Assoc., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Barnes fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.

### III. DISCUSSION

#### A. Facts

As the result of several disciplinaries for which Barnes was found guilty in 2013, good time credits were taken from him.[3] In October of 2013, Barnes became eligible for restoration of his lost good time as he had not committed any disciplinary infraction during the preceding two months. After review of Barnes' disciplinary record, defendant Parker did not recommend Barnes for restoration of good time because his "disciplinary history is such that he is not deserving of restoration of good time at this time." *Defendant's Exhibit A - Doc. No. 10-1* at 4. Warden Kenneth Jones reviewed this recommendation and agreed that Barnes should not be approved for restoration of good time. *Id*. Based on the foregoing, Associate Commissioner DeLoach refused to approve a restoration of good time to Barnes. *Id*. Barnes sought to appeal DeLoach's decision but was advised by Ms.

---

[3]As previously stated, Barnes does not challenge the loss of his good time nor does he request restoration of his good time credits; rather, he merely seeks the ability to appeal the decision of the Associate Commissioner denying restoration of these credits.

Parker "that the decision of the Associate Commissioner on restoration of good time is not subject to appeal [under the applicable procedure governing decisions to deny restoration of good time]." *Id*. at 2.

### B.  Absolute Immunity

To the extent the amended complaint can be construed to seek monetary damages from the defendant in her official capacity, she is entitled to absolute immunity from this relief.  Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S. Ct. 1114, 1125, 134 L. Ed. 2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from her in her official capacity.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of*

8

*Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### C. Due Process - Violation of Administrative Procedure

Barnes complains that denying him the ability to appeal the decision by Associate Commissioner DeLoach is violative of due process as he is entitled to an appeal under the applicable administrative procedure adopted by the Alabama Department of Corrections. This assertion is without merit as the governing procedure specifically forbids an appeal from a decision by the Associate Commissioner to deny the restoration of good time. Specifically, Section 4.3.6.1 of the Classification Manual directs that "[d]ecisions [on denials of good time] made by the . . . Associate Commissioner(s) . . . are not subject to appeal." *Defendant's Exhibit A - Doc. No. 10-1* at 2. Moreover, even had the Classification Manual allowed an appeal, the alleged violation of departmental rules, regulations or policies does not assert a violation of an inmate's constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525 (11th Cir. 1987). Summary judgment is therefore due to be granted in favor of the defendant on this claim.

### D. Equal Protection

Barnes asserts that the defendant denied him equal protection by allowing other inmates to appeal classification decisions while denying him the ability to appeal the Associate Commissioner's denial of the restoration of good time. *Amended Complaint -*

*Doc. No. 5* at 1. This claim entitles Barnes to no relief.

In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact . . . . [An allegation] of . . . discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Ga. Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere

differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are insufficient to establish discrimination violative of equal protection).

Barnes makes a specious and conclusory allegation regarding the denial of equal protection. The only probative evidence before the court indicates that the defendant did not treat Barnes differently from inmates who had been denied the restoration of good time credits by an associate commissioner for the Alabama Department of Corrections. Although Barnes alleges that "other inmates have been permitted to file appeals of classification decision[s]" while "plaintiff has not been permitted to" file an appeal regarding the Associate Commissioner's decision denying a restoration of good time, *Amended Complaint - Doc. No. 5* at 1, Barnes does not identify the classification decisions appealed by these other inmates so as to demonstrate they were actually similarly situated to him. Thus, Barnes fails to identify any other inmate with a similar denial of good time restoration towards whom the defendant acted in a more favorable manner and his "equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319; *Hammond*, 669 F. Supp. at 1563 (emphasis in original) ("To the extent that any equal protection analysis is required [on the plaintiff's assertion of discrimination], absent the plaintiff's

11

establishing a clearly protected liberty or property interest by the Constitution . . . , this Court [must] look to see if persons similarly situated to the plaintiff have been treated differently . . . . [T]here is *no* evidence that any [individuals] in the same position as the plaintiff have been treated differently from the plaintiff. . . . The plaintiff has offered the Court nothing on which to base his equal protection claim. Accordingly, it is the opinion of this Court that the plaintiff's equal protection claim is without merit.").

In addition, Barnes does not allege that the defendant subjected him to adverse treatment based on some constitutionally impermissible reason; instead, he simply makes the conclusory assertion that seemingly differential treatment resulted in an equal protection violation. Specifically, as the sole basis for his equal protection claim, Barnes relies exclusively on the fact that he was denied the opportunity to appeal the decision of the Associate Commissioner denying a restoration of good time while other inmates have been permitted to appeal unidentified classification decisions. The mere differential treatment referenced by Barnes does not implicate a violation of the Equal Protection Clause. *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-15; *Horner v. Ky. High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). Moreover, it is undisputed that the defendant based the challenged decision on the directive contained in the Classification Manual that a decision by the Associate Commissioner to deny the restoration of good time to an inmate is not subject to appeal. Thus, the record is devoid of evidence that the defendant or any other correctional official acted due to purposeful discrimination. Under

applicable federal law, the allegations presented by Barnes are insufficient to demonstrate an equal protection violation and summary judgement is due to be granted in favor of the defendant on this claim.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendant.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 22, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE